UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | |
|---|---|
| In re:<br>    ROSEGARDEN HEALTH AND<br>    REHABILITATION CENTER LLC, et al<br>    *Debtors* | Case No.: 18-30623 (AMN)<br>(Jointly Administered) |
| JON P. NEWTON,<br>CHAPTER 11 TRUSTEE,<br>    *Plaintiff*<br>v.<br>MEDWIZ PHARMACY,<br>    *Defendant* | Adv. Pro. No.: 20-03015 (AMN)<br><br>Re: AP-ECF No. 19 |

**ORDER TO SHOW CAUSE WHY THIS ADVERSARY PROCEEDING SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE, AND, SCHEDULING ORDER CONTINUING FINAL PRE-TRIAL CONFERENCE AND TRIAL WITHOUT DATE**

On July 21, 2020, the court entered a detailed Scheduling Order setting deadlines leading to a trial date of March 1, 2021, including deadlines for the parties to file lists of witnesses and exhibits, proposed findings of fact, proposed conclusions of law, and any motions *in limine*. AP-ECF No. 19 ("July 2020 Scheduling Order"). The July 2020 Scheduling Order also set February 23, 2021 as the date for a final Pre-Trial Conference, and March 1, 2021 as the first day of trial. However, plaintiff Jon P. Newton, Chapter 11 Trustee ("Plaintiff") did not comply with the July 2020 Scheduling Order and did not seek to modify most of the pre-trial deadlines it established. *See* AP-ECF No. 27.

This adversary proceeding began on April 13, 2020. See, ECF No. 1. The Defendant Medwiz Pharmacy ("Defendant") filed an answer to the complaint with affirmative defenses on May 13, 2020. See, ECF No. 6. Plaintiff filed a motion to extend time to file a statement pursuant to Fed. R. Civ. P. 26(f) ("Rule 26(f) Report"). *See*, ECF No. 8. The court granted the motion and extended the deadline by which the parties were to file a Rule 26(f) Report to July 1, 2020. *See*, ECF No. 11. Soon thereafter, the court

*sua sponte* extended the deadline to file a Rule 26(f) Report to July 13, 2020.  *See*, ECF No. 16.  The parties did not file a Rule 26(f) Report and the court entered a pre-trial scheduling order on July 21, 2020, because the court was required to do so by Fed.R.Civ.P. 16, made applicable here through Fed.R.Bankr.P. 7016 (even though the parties failed to file the required Rule 26(f) Report).  *See*, July 2020 Scheduling Order. Since July 2020, the parties failed to comply with almost every deadline including the critical requirement they file lists of witnesses and exhibits, proposed findings of fact, and proposed conclusions of law.

Pursuant to the July 2020 Scheduling Order, a final Pre-Trial Conference is scheduled for February 23, 2021, and trial is scheduled to commence on March 1, 2021.

Pursuant to D. Conn. L. Civ. R. 41(a), where deadlines established by the court pursuant to Fed.R.Civ.P. 16 (incorporated here by Fed.R.Bankr.P. 7016) appear not to have been met, the court has authority to dismiss the case.  A court also has authority to dismiss a matter or case *sua sponte* for lack of prosecution as part of its "inherent power" to manage its own affairs and control the docket.  *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630–31 (1962); *See also* 11 U.S.C. § 105*; U.S. ex rel. Drake v. Norden Sys., Inc.,* 375 F.3d 248, 250–51 (2d Cir. 2004) ("[I]nvoluntary dismissal is an important tool for preventing undue delays and avoiding docket congestion."*); Lewis v. Frayne*, 2018 WL 2248413, *11, (D. Conn. May 15, 2018); *In re Soundview Elite Ltd*., 594 B.R. 108, 140 (Bankr. S.D.N.Y. 2018).  Involuntary dismissal pursuant to Fed.R.Bankr.P. 41(b), "is also one of the harshest sanctions at a trial court's disposal, since it usually extinguishes the plaintiff's cause of action and denies plaintiff his day in court. As a result, it is reserved for use only in the most extreme circumstances."  *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250.

During a continued Pre-Trial Conference on November 17, 2020, Plaintiff's counsel indicated it would be "required and prudent" for him to seek to have the Scheduling Order modified.  *See* AP-ECF No. 36, 00:03:04-00:03:14.  Nevertheless, Plaintiff did not seek to modify the Scheduling Order and instead permitted all of the pre-trial milestones to expire.  The court notes the defendant – who filed affirmative defenses – also failed to comply with the July 2020 Scheduling Order.

Acknowledging the severity of an involuntary dismissal, and consistent with D. Conn. L. Civ. R. 41(a), the court will establish a deadline more than twenty-one (21) days hence for the Plaintiff to show cause why this case should not be dismissed.  In the absence of a showing of cause for the delay, or, cause for a change in the court's current expectation that nothing will change in Plaintiff's diligence and prosecution of his complaint, the case will be dismissed.

Accordingly, it is hereby

ORDERED:  That, on or before March 10, 2021, Plaintiff shall show cause why a non-suit should not enter dismissing this adversary proceeding due to the failure to comply with the July 2020 Scheduling Order; and it is further

ORDERED: That, the final Pre-Trial Conference scheduled for February 23, 2021 at 2:00 p.m., and the trial scheduled for March 1, 2021, are continued without date, since it appears the purpose of the final Pre-Trial Conference and the trial cannot be achieved due to the parties' failure to comply with the July 2020 Scheduling Order.

Dated this 12th day of February, 2021, at New Haven, Connecticut.

*Ann M. Nevins*
United States Bankruptcy Judge
District of Connecticut